# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 01-30664
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN ANTHONY MUNIZ,

Defendant-Appellant.

---
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 96-CR-20037-6
---
December 19, 2001

Before DAVIS, BENAVIDES and STEWART, Circuit Judges:

PER CURIAM:[*]

John Anthony Muniz appeals from his guilty-plea conviction and sentence for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a).  Muniz's base offense level was increased for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, based on his having failed to appear for sentencing in 1997 and remaining a fugitive for nearly four years.

Muniz contends that the district court erred in imposing the § 3C1.1 enhancement.  Included on a "non-exhaustive list of examples of conduct" to which the obstruction-of-justice enhancement applies, however, is "escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding."    § 3C1.1, comment. (n.4(e)).

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Muniz's conduct was explicitly covered by the guideline, the district court did not clearly err in imposing the increase. See United States v. Upton, 91 F.3d 677, 687 (5th Cir. 1996).

Muniz also argues that the district court erred in refusing him an offense-level reduction for acceptance of responsibility, pursuant to § 3E1.1. As conduct resulting in an enhancement under § 3C1.1 usually indicates that the defendant has not accepted responsibility, see § 3E1.1, comment. (n.4), the court's finding was not "without foundation." See United States v. Brace, 145 F.3d 247, 264 (5th Cir. 1998) (en banc).

Muniz maintains that the district court erred in attributing three criminal history points each to his 1991 conviction for receiving a firearm by a person under indictment and a 1990 deferred-adjudication offense of unauthorized use of a motor vehicle ("UUMV"). The district court properly counted the firearm offense because it was not "related" to the UUMV offense under the definition of "related" in the guidelines commentary. See § 4A1.2(a)(2), comment. (n.3). The UUMV offense was properly included because even a deferred-adjudication conviction is counted if it results in a finding or admission of guilt or a nolo contendere plea. See § 4A1.2(f). Deferred adjudication in Texas requires that a defendant first plead guilty or nolo contendere. United States v. Cisneros, 112 F.3d 1272, 1281 (5th Cir. 1997).

Muniz contends that the district court erred in refusing to grant him a downward departure, apparently based on his youth at the time of his prior offenses and on his criminal history score overrepresenting his criminal background. This court has jurisdiction to review a district court's decision not to depart downward from the applicable guideline range only if the district court based its decision upon an erroneous belief that it lacked the authority to depart. See United States v. Wilson, 249 F.3d 366, 380 (5th Cir. 2001). There is no indication in Muniz's sentencing transcript that the district court's refusal to depart was based on anything other than the facts of the case. Accordingly, the issue is not reviewable. See id.

AFFIRMED.